# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 21, 2015

**BY HAND and ECF**

Honorable Judge William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: **United States v. Carlos Ruiz 09 Cr. 790 (WHP) Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2)**

Dear Judge Pauley:

I write to request that the Court reduce Mr. Ruiz's sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Under Amendment 782 to the Sentencing Guidelines, made retroactive by the Sentencing Commission, see U.S.S.G. § 1B1.10(d) (November 1, 2014, edition), the Guidelines range applicable to Mr. Ruiz's case has been lowered to 121 to 151 months. The probation department has indicated in its supplemental report that Mr. Ruiz is eligible for a sentencing reduction. By letter dated October 1, 2015, the Government agrees that Mr. Ruiz is eligible and does not oppose a reduction of sentence to a term within the amended range. For the reasons set forth below, a sentence of 121 months' imprisonment, the bottom of the newly reduced range, is appropriate.

Although the requested Order reducing the defendant's sentence cannot result in Mr. Ruiz's release from custody before November 1, 2015, see id. § 1B1.10(e)(1), the Guidelines explicitly authorize the Court to enter such an Order any time after November 1, 2014. See id. § 1B1.10, comment. (n.6). I therefore ask the Court to reduce Mr. Ruiz's sentence to 121 months at this time.

A. **Background**

The Court sentenced Mr. Ruiz on May 3, 2013. At that time, the Court sentenced Mr. Ruiz to 132 months, nineteen months below the applicable Guideline range of 151 to 188 months. The Probation department has prepared a supplemental report indicating that Mr. Ruiz is eligible for a sentence reduction because his total offense level has been reduced to 31, with a corresponding guidelines range of 121 to 151 months. On September 8, 2015, the Court appointed the Federal Defenders to represent Mr. Ruiz in connection with his motion for reduction of sentence.

Amendment 782 to the Guidelines, made retroactive by the Commission on November 1, 2014, reduces the base offense level for most drug offenses by two. Under the Amendment, Mr. Ruiz would face a reduction in his base offense level from 32 to 30. See U.S.S.G. § 2D1.1(c) (November 1, 2014, edition), which, with all applicable adjustments, would reduce his total offense level to 31. At offense level 31 and criminal history category II the amended range is 121 to 151 months' imprisonment.

For the reasons that follow, the Court should reduce Mr. Ruiz's term of imprisonment to 121 months' imprisonment, the bottom of the amended range. See U.S.S.G. § 1B1.10(b)(2)(A).

B. **The Court should reduce Mr. Ruiz's sentence to the bottom of the amended range, 121 Months.**

To determine the extent of a sentencing reduction under § 3582(c)(2) for an eligible defendant, a court "shall consider the factors set forth in 18 U.S.C. § 3553(a)" as well as "public safety consideration[s]" (including "the nature and seriousness of the danger to any person or the community that may be posed by a reduction") and the defendant's "post-sentencing conduct." U.S.S.G. § 1B1.1, comment. (n.1(B)). These considerations warrant a sentence of 121 months, the bottom of the amended range.

Mr. Ruiz has made good productive use of his time in prison. He has completed a wide range of academic and vocational courses, including Business Human Resource Management, Introduction to Pre-Calculus, Introduction to World Geography, Auto Technology, Plumbing, Career Development, Creative Writing, and Conversational French. He has worked as a maintenance mechanic, as an orderly, in the paint shop, and in food service. He has completed his financial obligations to the Court.

Honorable William H. Pauley III  October 21, 2015
United States District Judge  Page 3

    As set forth in the supplemental presentence report Mr. Ruiz has had no disciplinary infractions that involve violence or assaultive behavior while incarcerated. There is nothing about Mr. Ruiz's case that would suggest that he presents a risk to public safety such that a reduction should not be granted and there is nothing about his post-sentencing conduct that would make a sentence reduction inappropriate, see U.S.S.G. § 1B1.10, comment.(n.1(B)).

C. Conclusion

    In reducing the offense level for drug offenses and making the reduction retroactive, the Sentencing Commission indicated that one of the primary reasons for the amendment was to reduce the federal prison population and alleviate overcrowding. In addition, the Commission found that the reduction was not likely to jeopardize public safety, citing its own studies that showed "no statistically significant difference" in recidivism rates for those persons whose sentences were reduced by the retroactive amendments to crack cocaine sentences in 2007 compared to a control group that served their entire sentence. See U.S.S.G. App. C, Amend. 782, Reason for Amendment (2014).

    Mr. Ruiz is precisely the kind of offender, with good post-sentencing conduct, for which this amendment was enacted. For all of the above reasons, and without objection from the Government, the Court should resentence Mr. Ruiz to 121 months' imprisonment under the authority of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

Respectfully submitted,

Jennifer L. Brown
Attorney-in-Charge
Federal Defenders of New York
(212) 417-8722

cc: Nola B. Heller, AUSA
    Mr. Carlos Ruiz
    Reg. No. 62655-054